UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

JOSE SANCHEZ,

        Plaintiff,

v.

FLY LOW, INC., d/b/a KING OF
DIAMONDS, a Florida Corporation; AK "N"
ELI, LLC d/b/a KING OF DIAMONDS, a
Florida Limited Liability Company;
KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual;

        Defendants.
_____

## COMPLAINT

Plaintiff, JOSE SANCHEZ ("Sanchez" or "Plaintiff"), sues the Defendants, FLY LOW,

INC., d/b/a KING OF DIAMONDS, a Florida Corporation ("Fly Low"); AK "N" ELI, LLC

d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC,

LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER,

an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK"

FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams")

(collectively referred herein as "Defendants") and alleges as follows:

## NATURE OF ACTION

1.     This action to recover money damages for unpaid wages under Chapter 448 of the

Florida Statues and retaliation under Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act").

1

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4), and 29 U.S.C. §216.

3.      The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes.  The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

4.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Sanchez occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Sanchez are stored or have been administered, in Miami-Dade County.

## PARTIES

5.      At all times material, Sanchez was and is a resident of Miami-Dade County, Florida.

6.      At all times material, Sanchez is a covered employee for purposes of the Florida Statute and the Act.

7.      At all times material, Defendants owned and operated "King of Diamonds," a gentleman's club located in Miami.

8.      At all times material, Fly Low is a Florida Corporation having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Florida Statute and the Act.

9.      AK is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Florida Statute and the Act.

10.     KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Florida Statute and the Act.

11.     AK and KODRENYC share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  AK and KODRENYC are an integrated enterprise.  Alternatively, each company is an enterprise under the Act.

12.     AK and KODRENYC also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.  AK and KODRENYC are joint employers.  Alternatively, each company is an enterprise under the Act.

13.     Kunstlinger, upon information and belief, resides in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."   Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" for Sanchez's period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Sanchez's wages and controlled Sanchez's work and schedule; issued disciplinary warnings and directly supervised all employees, including Sanchez; maintained employment records and was an individual who showed other signs of operational control over significant aspects of  "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Sanchez's employer as defined by the Florida Statute and the Act.

14.     Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds."   Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Sanchez's wages and controlled Sanchez's work and schedule, issued disciplinary warnings and directly supervised all employees, including Sanchez and was therefore, Sanchez's employer as defined by the Florida Statute and the Act.

15.     Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.   Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Sanchez's employer as defined by the Florida Statute and the Act.

16.     Adams upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamond."  Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC.  Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Sanchez's wages and controlled Sanchez's work and schedule, issued disciplinary warnings and directly supervised all employees, including Sanchez and was therefore, Sanchez's employer as defined by the Florida Statute and the Act.

## COUNT I: UNPAID WAGES UNDER FLORIDA COMMON LAW
## AND SECTION 448.08, FLORIDA STATUTES

17.     Sanchez re-adopts each and every factual allegation as stated in paragraphs 1 through 16 above as if set out in full herein.

18.     Defendants employed Sanchez from approximately December 13, 2013 to December 22, 2014.

19.     Defendants employed Sanchez as a manager and contracted with Sanchez to pay him $1,100.00 bi-weekly.  Defendants paid Sanchez $600.00 by check and $500.00 by cash.  All the hours worked by Plaintiff were worked within the State of Florida.

20.     From approximately July 2014 through December 18, 2014, Defendants failed to pay Sanchez his earned wages in the amount of at least $12,100.00.

21.     Defendants owe Sanchez his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Sanchez prevail on this claim.

22.     Sanchez has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff, Jose Sanchez, respectfully requests this Court grant the following relief:

A.      Back pay in the form of lost wages, including lost benefits, plus interest;

B.      Costs of this action, together with reasonable attorneys' fees;

C.      Post-judgment interest; and

D.      Such other and further relief as this Court deems equitable and just.

## COUNT II: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

23.     Sanchez re-adopts each and every factual allegation as stated in paragraphs 1 through 16 above as if set out in full herein.

24.     Defendants willfully and intentionally refused to pay Sanchez his legally owed wages as required by the laws of the United States and remain owing Sanchez these wages as set forth above.

25.     29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ."  (emphasis added)

26.     Sanchez complained about unpaid wages to Defendants.  In response to Sanchez's complaints, Defendants continued to withhold his wages.

27.     Sanchez eventually retained the undersigned who sent a demand for Sanchez's overtime and other wages on December 18, 2014.  *See* Exhibit "A."

28.     Upon receipt of counsel's correspondence, Defendants immediately terminated him on or about December 22, 2014.

29.     Specifically, Adams became furious when he saw Sanchez during Sanchez's subsequent work shift and told Sanchez that he was terminated and that he had to leave the club immediately.

30.     The motivating factors, which caused Sanchez's termination as described above, were the complaints seeking the payment of unpaid overtime and other wages from the Defendants and specifically, Sanchez's counsel's demand for his unpaid overtime and other

6

wages.  In other words, Sanchez would not have been terminated but for his complaint about unpaid wages.

31.     Defendants' termination of Sanchez was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Sanchez has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, Sanchez, requests that this Honorable Court:

A.     Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.     Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### JURY TRIAL DEMAND

Plaintiff, Jose Sanchez requests a trial by jury on all issues so triable.

Dated: January 5, 2015.

By:/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 15099
Email: ria@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549