UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSE SANCHEZ ) | CASE NO.: 15-CV-20008-JLK |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FLY LOW, INC., d/b/a KING OF ) | |
| DIAMONDS, a Florida corporation, AK ) | |
| "N" ELI, LLC d/b/a KING OF ) | |
| DIAMONDS, a Florida limited liability ) | |
| company, KODRENYC, LLC, a Florida ) | |
| limited liability company, ELLIOT "ELI" ) | |
| KUNSTLINGER, an individual; BRIAN ) | |
| ABRHAMA, an individual, AKIVA "AK" ) | |
| FEINSOD, an individual, and AKINYELE ) | |
| ADAMS, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, AK "N" ELI, LLC, a Florida limited liability company ("Defendant"), by and through their undersigned counsel, hereby moves to dismiss the Complaint (the "Complaint") brought by Plaintiff. JOSE SANCHEZ ("Plaintiff") and respectfully states as follows:[1]

I.   **INTRODUCTION**

Plaintiff's Complaint consists of two claims: Count I - a state-law claim for breach of contract seeking $12,100 in allegedly unpaid wages; and Count II - a retaliation claim under the

---

[1] The Defendant has not been advised that any of the other defendants have been served in this Action. Thus, even though the bases for dismissal apply with equal force to the claims made against them as well – if they do not have an even stronger basis, such as the frivolity of these claims being made against individuals or KODRENYC, LLC, the landlord of the property where the subject business is located – the present motion is made on behalf of the Defendant above.

Fair Labor Standards Act ("Act") for allegedly discharging Plaintiff after complaining about his lack of receiving his contracted-for pay.  The face of these claims warrant dismissal.

First, because Plaintiff's grievances to Defendant did not even purport to regard a failure to comply with the Act – but simply related to a state-law claim for breach of contract – Plaintiff fails to state a cause of action for retaliation under the Act as a matter of law.  In turn, having no viable claims under federal law, nor diversity of the parties or an amount in controversy that exceeds $75,000.00, this Court does not have subject matter jurisdiction over this cause.  As such, the Complaint should be dismissed and the Defendant awarded its fees and costs.

II.     **MEMORANDUM OF LAW**

A.     **Standard of Review Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails to state a claim upon which relief can be granted.  *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1277 (S.D. Fla. 2012).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Gubanova v. Miami Beach Owner, LLC*, 2013 WL 6229142, *1 (S.D. Fla. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, the plaintiff must plead "factual content that allows the [c]ourt to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Lee v. Bank of America, N.A.*, 2013 WL 2120312, *2 (M.D. Ga. 2013) (citing *Ashcroft, supra* at 678).

When determining whether a plaintiff has satisfied the obligations of Rule 12(b)(6), "the court assumes that all of the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff."  *FDIC v. Law Office of Rafael Ubieta, P.A.*, 2012 WL 5307152, *2 (S.D. Fla. 2012) (citing *Speaker v. U.S. Dep't of Health & Human Servs. for*

*Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)). However, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Gubanova, supra* at *1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also FDIC, supra* at *2 (quoting *Bell v. J.B. Hunt Transp., Inc.*, 427 F.App'x 705, 707 (11th Cir. 2011)) ("Conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."). Additionally, a court is not required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

### B.  Standard of Review Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003). A facial attack on the complaint only requires the court to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Healthcare System, Inc.*, 524 F.3d 1229 (11th Cir. 2008) (citing *McElmurray v. Consol Gov't of Augusta-Richmond County*, 501 F.3d 1244 (11th Cir. 2007)). In analyzing a facial attack under Rule 12(b)(1), the Court proceeds as it would under a 12(b)(6) motion. *Id.* In other words, the Court assumes that all of the factual allegations of the Complaint are true. *Id.* However, similar to the Rule 12(b)(6) analysis, neither conclusory allegations nor allegations that are contradicted by exhibits are entitled to a presumption of truthfulness. *See Medimport, S.R.L. v. Cabreja*, 929 F.Supp.2d 1302 (S.D. Fla. 2013).

**C.    Count II: This Court Should Dismiss Count II as it Facially Fails to State a Cause of Action for Retaliation to Conduct Under or Relating to the Act.**

"29 U.S.C. § 215(a)(3) provides that an employer may not discharge or in any other manner discriminate against an employee because that employee has filed a complaint against the employer regarding violations under the FLSA, **which contains minimum wage and overtime requirements**." *Bogacki v. Buccaneers Ltd. P'ship*, 370 F. Supp. 2d 1201, 1202 (M.D. Fla. 2005) (emphasis added).  "The Supreme Court has recognized that the principal purpose of section 215(a)(3) is to remove fear so that employees feel free to report the **wage and overtime violations of their employer to ensure that compliance with the Act is enhanced**." *Id.* at 1202 (emphasis added).

Here, Plaintiff has not asserted a claim relating to minimum wage or overtime requirements in any fashion.  As such, Plaintiff has simply not asserted a claim under or related to the Act, nor has the Plaintiff ever complained of such violations.  The only thing Plaintiff alleges is that he "complained about unpaid wages to Defendants," which arose out of Defendants employing Plaintiff "as a manager and contract[ing] with [Plaintiff] to pay him $1,100.00 bi-weekly."  [*See* Doc. 1, Compl. at ¶¶19 & 26].  Thus, the only thing alleged is a state, common law claim.  Therefore, because any alleged "retaliation" to such complaints did not relate in any way to compliance with the Act, no claim arose under 29 U.S.C. § 215(a)(3).  Hence, Count II must be dismissed, having failed to state a cause of action.

**D.    Count I: This Court Lacks Subject Matter Jurisdiction Over Count I As There are No Federal Claims Nor Diversity Jurisdiction.**

The remaining Count I purports to arise "under Florida common law and Section 448.08, Florida Statutes." [*See* Doc. 1, Compl. at 5].  It should be dismissed for a number of independent reasons.  To begin with, it is well-settled that "section 448.08 does not create or otherwise

provide for a cause of action for back wages; it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages." *Souder v. Premier Auto. on Atl., LLC*, 308-CV-973-J-32JRK, 2009 WL 691916, at *3 (M.D. Fla. 2009). The action must arise under some other law, and there is no "Florida common law" wage claim. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009).

That is, although Plaintiff conclusively declares that he "contracted" with all the Defendants – including entities and individuals – to pay him these monies, his Complaint neither pleads a claim for breach of contract nor identifies an actual agreement that the Defendants supposedly breached. *Accord Vega v. T-Mobile USA, Inc.*, 564 F.3d at 1271 (although Vega's nominal "unpaid wages" claim includes language about "breach[ing] the agreement" and "the breach," he, in his operative complaint, neither pled a claim for breach of contract nor identified a contract or agreement that T–Mobile purportedly breached). As such, just like in the *Vega* case, Plaintiff's "own pleading precludes him from relying on a breach of contract theory to support his 'unpaid wages' claim." *Id*.

Accordingly, even if this Court had subject matter jurisdiction over this lone state law claim, it should be dismissed. As the courts have repeatedly held, "[f]or a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d at 1271 (citing to *Friedman v. N.Y. Life Ins. Co.,* 985 So.2d 56, 58 (Fla. 4th DCA 2008)). And to "prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id*. Here, however, Plaintiff has failed to plead such matters including what specifically he was required to

do in return for this bi-weekly payment, or that he actually performed and provided his side of the bargain. As such, Count I fails to state a cause of action and should be dismissed.

Moreover, although perhaps these deficiencies could be rectified with an amendment, this Court no longer has subject matter jurisdiction. Accordingly, the entire case should be dismissed. "Federal courts are courts of limited jurisdiction. They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States." *In re United Container LLC*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. at 377 (Federal jurisdiction "is not to be expanded by judicial decree."). Indeed, if a Federal court takes action in a dispute over which it lacks jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18 (1951); *Hart v. Terminex In,* 336 F.3d 541, 541-42 (7th Cir. 2003) (pointing out that it was "regrettable" that the case had to be dismissed for lack of jurisdiction "rendering everything that has occurred in [the] eight years [of proceedings] a nullity"); *Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1255 (11th Cir.2003) (A federal court "must always first be sure of [its] own jurisdiction whenever it is in doubt.").

Here, Plaintiff cannot contend that subject matter jurisdiction exists under 28 U.S.C. § 1332(a), since the amount in controversy plainly does not exceed $75,000 and the Plaintiff shares a state of citizenship with numerous defendants. [*Compare* Doc. 1, Compl. ¶¶ 5 and 8] Plaintiff also cannot contend that subject matter jurisdiction exists under 28 U.S.C. § 1331, since his sole claim which could arise under Federal law, fails to state a cause of action. The Act simply does not permit a retaliatory claim for conduct not involving compliance with the Act's mandates. Accordingly, having no anchor to port his claims in this Court, the entire cause, including Count I, must be dismissed.

E.    **Fees and Costs**: The Defendant Should be Awarded Its Fees and Costs Under Rule 54 and Fla. Stat. § 448.08.

In order to tax costs and fees against the adverse party under Rule 54, Fla. Stat. 448.08 or the Act, a party must first be a "prevailing party." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007). "The Supreme Court has held that a party is a 'prevailing party' if the party prevailed on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Id*. (citing to *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791 (1989) (internal citations and quotations omitted). Under the law governing attorneys' fees and costs "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs,* 1998 WL 776848 at *1, 1998 U.S. Dist. LEXIS 20914 at *4 (M.D.Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In this case, although the state-law claims in Count I may live to be refiled in state court at some future date, those claims and the retaliation claims filed in this Court should be done. As such, the Defendant urges this Court to deem it the "prevailing party" in this case, and award it reasonable attorneys' fees and costs.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter an Order granting the instant Motion, as set forth herein, together with such other and further relief as this Honorable Court deems just and proper.

**[CERTIFICATE OF SERVICE IS ON THE FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system on this 22nd day of January, 2015 and also certify that a true and correct copy of the foregoing was served via by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

    Respectfully submitted,

    STOK FOLK + KON
    *Attorneys for Plaintiff*
    18851 NE 29th Avenue
    Suite 1005
    Aventura, Florida  33180
    T.305.935.4440
    F.305.935.4470
    service@stoklaw.com


    BY: */s/ Joshua R. Kon*
        ROBERT A. STOK, ESQ.
        Florida Bar No. 857051
        rstok@stoklaw.com
        JOSHUA R. KON, ESQ.
        Florida Bar No. 0056147
        jkon@stoklaw.com