UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-20008-KING

JOSE SANCHEZ,

    Plaintiff,

v.

FLY LOW, INC. d/b/a/ KING OF
DIAMONDS, a Florida Corporation;
AK "N" ELI, LLC d/b/a KING OF
DIAMONDS, a Florida Limited Liability
Company; KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motions to Dismiss (DE #8; DE #17). Therein, and in identical motions, Defendants seek the dismissal of Plaintiff's two-count Complaint on the ground that Count II fails on its face to state a claim for retaliation under the Fair Labor Standards Act (the "FLSA"), and without Count II this Court lacks subject matter jurisdiction over Plaintiff's state-law claim because the amount in controversy does not exceed $75,000 and the parties are non-diverse. Plaintiff has filed his Responses in Opposition to these Motions (DE #15; DE #19), and this matter is ripe for ruling. For the reasons stated below, the Court finds that Defendants' Motions should be granted, and that this case should be dismissed without prejudice to Plaintiff seeking relief in state court.

**I. Background**

This case arises out of the breach of an alleged employment agreement between Plaintiff and Defendants. Plaintiff alleges that from approximately December 13, 2013 to December 22, 2014, Defendants employed Plaintiff as a manager of Defendants' establishment, and agreed to pay him $1,100 on a bi-weekly basis. According to the Complaint, from roughly July 2014 through December 18, 2014, Defendants failed to pay Plaintiff as the parties had agreed in the amount of $12,100. Plaintiff's Complaint does not contain any allegations regarding number of hours or days worked during his period of employment. Plaintiff alleges that he complained to Defendants about their failure to pay to no avail, that he hired an attorney who drafted a letter to Defendants demanding that they pay, and that Defendants terminated Plaintiff's employ upon receipt of this letter. Thereafter, Plaintiff filed the instant action alleging two counts against Defendants; Count I sounds in Florida common law, and Count II is for retaliation under the FLSA, 29 U.S.C. § 215(a)(3).

**II. Legal Standard**

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2010) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show entitlement to relief and must plead "more than labels and conclusions. . . . A formulaic recitation of the elements of a cause of action will not do." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

#### a. Count II fails to state a claim for retaliation under the FLSA

Title 29 U.S.C. § 215(a)(3) provides, in relevant part "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." In other words, an employer may not take any retaliatory action against an employee for complaining about alleged violations of the FLSA. "The Supreme Court has recognized that the principal purpose of section 215(a)(3) is to remove fear so that employees feel free to report the wage and overtime violations of their employer to ensure that compliance with the Act is enhanced." *Bogacki v. Buccaneers Ltd. P'Ship*, 370 F. Supp. 2d 1201, 1202 (M.D. Fla. 2005) (citing *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

On its face, Plaintiff's Complaint claims that his employ was terminated after he complained about Defendants' failure to pay according to the alleged employment agreement between the parties. Plaintiff's asserted retaliation is, at best, for complaining about a breach of contract, not for a violation of the FLSA. Accordingly, Plaintiff has failed to state a claim for relief under 29 U.S.C. § 215(a)(3), and Count II must be dismissed.

### b. The Court lacks subject matter jurisdiction over Count I

Count I of Plaintiff's Complaint is entitled "Unpaid Wages Under Florida Common Law and Section 448.08, Florida Statutes," and alleges simply that Plaintiff contracted with Defendants to work as a manager of Defendants' establishment, and that according to the contract he was to be paid $1,100 bi-weekly. Plaintiff alleges that Defendants failed to pay him according to the contract, and therefore claims damages in the amount of $12,100. Plaintiff's Complaint further alleges that he is a Florida resident, as are all the corporate and individual defendants.

Federal courts possess only the jurisdiction granted them by Congress, and where an action does not arise under federal law, 28 U.S.C. § 1332(a) grants federal courts jurisdiction over only those cases in which the amount in controversy exceeds $75,000 and the parties are completely diverse. Plaintiff's state law claim fails on both counts. Accordingly, this Court is without jurisdiction over Plaintiff's claim.

### IV. Conclusion

Therefore, it is **ORDERED, ADJUDGED and DECREED** that Defendants' Motions to Dismiss **(DE #8; DE #17)** be, and the same hereby are **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED** without prejudice to Plaintiff pursuing his state law claims over which this Court lacks subject matter jurisdiction in state court. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of January, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**